IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MARIA DOLORES NAVARRO MARTIN,**

    Plaintiff,

v.                                          Civil Action No. **3:26CV106**

**UNITED STATES DEPARTMENT OF
HOMELAND SECURITY (DHS),** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, an immigration detainee held in Florida, brings this action pursuant to the

Freedom of Information Act ("FOIA"). At the core of her FOIA Complaint (ECF No. 7),

Plaintiff seeks the production of an immigration hearing transcript and audiotape. (ECF No. 7, at

2.)[1] In her FOIA Complaint, Plaintiff only names the United States Department of Homeland

Security ("DHS") as a Defendant. (ECF No. 7, at 4.) On March 23, 2026, Plaintiff filed a

"MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY

INJUNCTION" ("Motion for TRO," ECF No. 11). By Memorandum Order entered on March

25, 2026, the Court directed Defendants[2] to file an answer to the FOIA Complaint with thirty

(30) days of the date service is perfected. *See* 5 U.S.C. § 552(a)(4)(C). (ECF No. 14.)

Therefore, at this juncture, Defendant has not been served. As discussed below, Plaintiff has not

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

[2] The Court issued summons to DHS, the DHS's Office of Inspector General, United States Department of Justice, in addition to the United States Attorney and United States Attorney General. However, the only named Defendant in the FOIA Complaint and the Memorandum in Support of her Motion for TRO is DHS. (ECF No. 7, at 4; ECF No. 12, at 2.) Accordingly, the Clerk SHALL TERMINATE the other Defendants as parties to the action. DHS is the only Defendant in the action.

satisfied the requirements of Federal Rule of Civil Procedure Rule 65, and additionally, fails to show she is entitled to the preliminary injunctive relief she seeks, therefore, the Motion for TRO will be DENIED.

## I. <u>Procedural History</u>

Plaintiff initially filed this action on February 10, 2026. (ECF No. 1.) Although labeled as a "FREEDOM OF INFORMATION ACT (FOIA) COMPLAINT," Plaintiff's initial submission to this Court failed to comply with Federal Rule of Civil Procedure Rule 8. By Memorandum Order entered on March 3, 2026, the Court explained as follows:

> At first glance, Plaintiff appears [to seek the Court] "to order the production of any DHS's agency records improperly withheld from the complainant and to order the production and release of the audiotape and transcripts of the Master hearing which transpired on June 9, 2025 before the honorable Matthew O'Brian in the Immigration Court of Falls Church." (*Id.* at 1.) However, Plaintiff also indicates that "[s]uch conduct violated Plaintiff's First, Fourth, and Fourteenth Amendment rights," and she "further bring[s] related causes of action under the Court's pendent jurisdiction." (*Id.* (capitalization corrected).) Later in the Complaint, Plaintiff seemingly suggests that a 2017 warrant in her criminal case where she was acquitted was invalid (*id.* at 2–3), that the disclosure of certain documents would prove that, and the Government provided false testimony in her immigration hearings. (*Id.* at 4–5.) Finally, despite the title of her Complaint as one brought under the Freedom of Information Act, Plaintiff states that "[t]his action arises under the United States Constitution, the Immigration and Nationality Act of 1952 . . . , and the Administrative Procedure Act . . . ." (*Id.* at 7.) Therefore, the Court is not clear what type of action Plaintiff intends to bring. Plaintiff's submission fails to comply with Federal Rule of Civil Procedure 8(a). That rule provides:
>
> > **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
> > **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> > **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> > **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.
>
> Fed. R. Civ. P. 8(a). Plaintiff fails to identify the exact basis for the Court's jurisdiction for the action she seeks or provide a short and plain statement of [her] claim. Within thirty (30) days of the date of entry hereof, Plaintiff is DIRECTED

to file a complaint that complies with Federal Rule of Civil Procedure 8(a).[l] Failure to file an appropriate complaint within thirty (30) days of the date of entry hereof will result in dismissal of the action. *See* Fed. R. Civ. P. 41(b).

(ECF No. 4, at 1–2.)  In a footnote, the Court further explained:  "If Plaintiff is only seeking the release of certain documents under the Freedom of Information Act then she must clearly state that.  However, this Court lacks jurisdiction over any challenge Plaintiff may have to her ongoing detention. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (explaining that for such a challenge, a petitioner 'should name [her] warden as respondent and file the petition in the district of confinement.')"  (ECF No. 4, at 2 n.1.)  In response, Plaintiff filed an Amended Complaint.  Plaintiff clearly titled her complaint, "AMENDED FOIA COMPLAINT TO REMEDY UNLAWFUL WITHHOLDING OF RECORDS OF DEPARTMENT OF HOMELAND SECURITY," and indicated that she "challenges Defendant's failure to make a substantive response to a request for records and ongoing unlawful withholding of records in violation of the Freedom of Information Act, 5 U.S.C.S. § 552 . . . ."  (ECF No. 7, at 2.)  Accordingly, the action proceeds as a FOIA action.

## II. Legal Standards for a TRO

In her Motion for TRO, Plaintiff asks the Court "[t]o issue a temporary restraining order, to prevent the defendants . . . from issuing any decision, including the entry of a removal order, pending the resolution of the Freedom of Information Act . . . claims raised in her Amended [C]omplaint," and to "suspend[] and restrain[] defendants . . . from continuing to conduct a removal hearing currently scheduled on April 1[0], 2026."[3]  (ECF No. 11, at 1.)  Plaintiff also

---

[3] Plaintiff has incorrectly represented the date of her hearing.  The record clearly reflects that her hearing is scheduled for April 10, 2026, not April 1, 2026, per the records she submitted. (ECF No. 12-2, at 2.)

asks this Court to "[d]eclar[e] that petitioner['s] continued detention is not authorized and/or violates the Fifth Amendment," and to enjoin Defendant "from removing or re-detain[ing]" her." (ECF No. 11, at 3–4.) Essentially, based on the contents of her TRO, it appears that the main point of this action is to have the Court intervene in her immigration proceedings in Florida although that was not even mentioned in her FOIA Complaint.

Federal Rule of Civil Procedure 65(b) sets forth the requirements for obtaining an *ex parte* temporary restraining order. Rule 65(b) states that "the court may issue a temporary restraining order without written or oral notice to an adverse party . . . only if:"

> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Issuing a temporary restraining order without notice constitutes an extraordinary remedy. "'[T]he requirements of Rule 65(b)(1) are not merely technical niceties that a court may may easily disregard, but rather are crucial safeguards of due process.'" *Defend Arlington v. United States*, No. 1:23-cv-1730 (RDA), 2023 WL 8788956, at *5 (E.D. Va. Dec. 19, 2023) (quoting *Tchienkou v. Net Trust Mortg.*, No. 10-23, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010)). "To ensure that the rights of all concerned are protected, Rule 65(b) prescribes certain safeguards for the issuance of temporary restraining orders that must be scrupulously honored." *McKnight v. Frederick Cnty. Dep't of Soc. Servs.*, No. 5:24-cv-00088, 2024 WL 4979276, at *2 (W.D. Va. Dec. 4, 2024) (quoting Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2952 (3d ed.)). "Any temporary restraining order granted without notice must comply with the provisions of Rule 65(b) in order to assure the restrained party some measure of protection in lieu of receiving

4

formal notice and the opportunity to participate in a hearing." *Id.* (quoting Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed.)).

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a "clear showing:" (1) that she is likely to succeed on the merits at trial; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008) (citations omitted).[4] Each of these four factors must be satisfied before interlocutory injunctive relief is warranted. *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 347 (4th Cir. 2009), *vacated and remanded on other grounds by*, 559 U.S. 1089 (2010). Plaintiff, as the party seeking a preliminary injunction, bears the burden of establishing that each factor supports granting the injunction. *Id.* at 346. The failure to show any one of the relevant factors mandates denial of the preliminary injunction. *Id.*

### III. Plaintiff Fails to Show Entitlement to a TRO

#### A. Plaintiff Fails to Satisfy Rule 65(b)(1)

Plaintiff fails to satisfy Rule 65(b)(1)(A). Plaintiff fails to show specific facts in an affidavit or in her verified complaint that clearly show immediate or irreparable injury will result before Defendants can be heard in opposition. As discussed below, Plaintiff shows no such injury. At best, she alleges that she has a new immigration removal hearing scheduled for April

---

[4] "The standard for granting either a TRO or a preliminary injunction is the same." *Moore v. Kempthorne*, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006) (citations omitted).

10, 2026, and for reasons that are not clear, she needs Defendant to provide her with a transcript from her June 9, 2025 immigration hearing before the April 10, 2026 hearing. Plaintiff fails to clearly show immediate or irreparable injury will result at this juncture. As such, Plaintiff fails to satisfy Rule 65(b)(1)(A) and is not entitled to immediate injunctive relief before Defendants can respond.

Plaintiff also fails to satisfy Rule 65(b)(1)(B), as she filed the Motion for TRO before Defendant had been served and she made no effort to notify Defendant. Under Rule 65(b)(1)(B), Plaintiff must also certify "in writing any efforts made to give notice [to the nonmoving party] and the reasons why it should not be required" before a Court can grant a TRO. Fed. R. Civ. P. 65(b)(1)(B). Plaintiff has not certified that she has made any effort to give notice to Defendant. At best, in her certificate of service attached to her Motion for TRO she indicates that she mailed the Motion for TRO "to [t]he Clerk of the Circuit court for the U.S. District Court of Virginia" and that "the clerk can e-serve a copy of this document to [] counsel for the Defendant[]." (ECF No. 11-1, at 1.) Thus, Plaintiff made no efforts to notify Defendant and instead expects the Court to do so for her. As such, Plaintiff has failed to certify "any efforts made to give notice" to Defendant. Fed. R. Civ. P. 65(b)(1)(B). Courts in this district have routinely held that the failure to comply with this requirement is grounds for denial of a TRO. *See Heshan Jiahojia Sanitary Ware Indus., Co., Ltd. v. Unincorporated Ass'n's Identified in Schedule A*, No. 3:25cv845, 2025 WL 3006037, at *3 (E.D. Va. Oct. 27, 2025) (citing cases). Plaintiff has not satisfied either prong of Rule 65(b)(1) and therefore is not entitled to a TRO. For this reason alone, the Motion for TRO will be DENIED.

Even though Plaintiff has not satisfied Rule 65(b)(1), the Court has reviewed Plaintiff's submissions and finds she has not shown entitlement to a TRO or preliminary injunctive relief.

## B. Plaintiff Fails to Show Entitlement to Preliminary Injunctive Relief

The FOIA requires governmental agencies to provide information to the public on request if the request "reasonably describes" the record sought and is made in accordance with published agency rules for making such requests. 5 U.S.C. § 552(a)(3). The agency is required to determine within twenty days of the receipt of such a request and "shall immediately notify the person making such request" of their determination on whether to provide the record. 5 U.S.C. § 552(a)(6). The United States District Courts are given jurisdiction to enjoin federal agencies from "withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). Accordingly, pursuant to the remedial powers of FOIA, the district court may order only the production of records, nothing more. *See id.*

### 1. No Clear Showing of Likelihood of Success on the Merits

Plaintiff's Motion for a TRO falters at the outset, because she fails to demonstrate by a "clear showing" that she is likely to succeed on the merits at trial. In her FOIA complaint, Plaintiff seeks the provision of a transcript from an immigration hearing on June 9, 2025, which she believes contains errors, and certain case files.[5] Plaintiff claims she requested these documents on June 16, 2025, and August 30, 2025. (ECF No. 7, at 5.) Plaintiff states that "Defendant acknowledged [her] request on October 7, 2025, by its response [it] gave [to] the court." (ECF No. 7, at 5.) In her Complaint, Plaintiff argues that she needs "[p]rompt access to the records responsive to [her] FOIA Request . . . to aid [in] the prosecution of crimes committed against Plaintiff and potential civil litigation." (ECF No. 7, at 3, 6.) In her FOIA Complaint, Plaintiff makes no mention that she needs these documents for her ongoing

---

[5] Plaintiff identifies certain case file numbers but does not identify what they are or why she needs them. The focus of her argument appears to be on the production of the transcript from her June 9, 2025 removal hearing.

immigration proceedings. Beyond this description, it is very difficult to discern what exactly Plaintiff argues.[6]

A review of the documents attached to her original filing only show that she requested a transcription of her hearing from the court reporter at the Immigration Court on June 16, 2025, and requested a transcription of that same hearing from the Board of Immigration Appeals ("BIA"). (ECF No. 1-1, at 38, 44.) And, as discussed below, the October 7, 2025 "response" to her alleged FOIA request was a motion made by DHS asking the BIA to remand her case to the Immigration Court because its records were incomplete. The current record does not reflect that Plaintiff made a FOIA request to any agency, much less received a response to that request. "Before commencing litigation, a requester must ordinarily exhaust administrative remedies by appealing an issue through the FOIA administrative process following an initial adverse determination by the agency." *Coleman v. Drug Enforcement Admin.*, 714 F.3d 816, 820 (4th Cir. 2013) (citing *Wilbur v. CIA,* 355 F.3d 675, 676 (D.C. Cir. 2004) (per curiam); 28 C.F.R. § 16.9(c)). Plaintiff fails to show that she has filed a FOIA request with Defendant, received an adverse determination, or appealed; thus, she has not made a "clear showing" that she would succeed on the merits of her FOIA claim. For this reason alone, Plaintiff is not entitled to preliminary injunctive relief, and the Court is not required to review the remaining factors. *Real Truth About Obama, Inc.*, 575 F.3d at 346.

---

[6] Plaintiff's Memorandum in Support of her Motion for TRO is rambling, is very difficult to follow, and discusses issues unrelated to this case. For example, she extensively cites a civil action in the district court in Florida where she is convinced she experienced fraud by the court (*see, e.g.*, ECF No. 12, at 8–10), and later discusses collateral estoppel (ECF No. 12, at 10–12).

Nevertheless, Plaintiff fails to satisfy the remaining three factors. Plaintiff fails to show she would suffer irreparable harm if the Court did not grant relief, that the balance of the equities tip in her favor, or that the injunction is in the public interest.

### 2. No Clear Showing of Irreparable Harm

"To establish irreparable harm, the movant must make a 'clear showing' that [she] will suffer harm that is 'neither remote nor speculative, but actual and imminent.'" *Mountain Valley Pipeline, LLC v. 6.56 Acres of Land, Owned by Sandra Townes Powell*, 915 F.3d 197, 216 (4th Cir. 2019) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991)). At best, Plaintiff contends that "if the USCIS is found to have violated FOIA, a final judgment in [her] favor will do her no good if she has already been removed." (ECF No. 12, at 13.) The harm alleged by Plaintiff here is entirely speculative. While Plaintiff seeks the Court to order Defendant to provide her with the transcript from the June 9, 2025 hearing, it appears that the complete record of this proceeding does not exist, and the DHS, and the BIA have recognized this error. According to a motion filed by DHS, the transcript of "all recordings of the Immigration Judge's voice are transcribed as '[indiscernible]'" and "the record remains devoid of a transcription of the oral decision of the Immigration Judge issued on June 9, 2025." (ECF No. 1-1, at 48 (citation omitted).) DHS asked the BIA to "remand the record to the Immigration Judge to reissue his oral decision in the case." (ECF No. 1-1, at 48.) The record shows that the BIA remanded Plaintiff's appeal to the Immigration Court on February 27, 2026, "to take such steps as are necessary and appropriate to enable preparation of a complete record of the proceedings and a new hearing, if necessary." (*See* ECF No. 12-1, at 2 (citation omitted).) It appears that the Immigration Court was unable provide the BIA with a complete record, and instead scheduled a new removal hearing for Plaintiff on April 10, 2026. (ECF No. 12-2, at 2.)

Plaintiff suggests that by ordering a new hearing, the Board of Immigration Appeals "conceded the FOIA violations." (ECF No. 12, at 18.) The Court is not sure what Plaintiff means by this statement. Plaintiff appears to be confused about what FOIA requires. If the complete transcript does not exist, it is unclear how Defendant could provide it to her.

If Plaintiff is seeking the transcript to show that it was incomplete, that has already been established. Because the hearing transcript is not complete, Plaintiff has been scheduled for a new removal hearing to comply with the directions of the BIA. Plaintiff does not show why she needs a transcript from the previous hearing when she is being provided with a new hearing. Plaintiff fails to make a clear showing that she will suffer harm that is actual and imminent. Rather she shows merely speculative harm, which is insufficient to establish irreparable harm.[7] In sum, Plaintiff fails to show that she is likely to suffer irreparable harm in the absence of preliminary relief.

### 3. No Clear Showing that the Equities Tip in Her Favor or that Injunction is in the Public Interest

The final two factors—balance of the equities and weighing the public interest—"merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). Plaintiff seeks for Defendant to produce a transcript from her June 9, 2025 immigration hearing prior to her April 10, 2026 removal hearing. Once again, if Plaintiff is seeking a transcript to show that it was incomplete or it had errors, that has already been established. Because the hearing transcript is not complete, Plaintiff has been scheduled for a new removal hearing to

---

[7] Even if at her hearing on April 10, 2026, the Immigration Court finds that she is removable, she fails to show the likelihood of irreparable injury if the Court does not issue a TRO or preliminary injunction now. Plaintiff merely speculates that she will be removed prior to the resolution of her FOIA action. *See Winter*, 555 U.S. at 22 (explaining that "[a] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury"). Again, Plaintiff fails to identify why she needs the transcript before the new hearing.

comply with the directions of the BIA. Plaintiff does not show why she needs a transcript from the previous hearing when she is being provided with a new hearing. Plaintiff also was aware that there were errors in this transcript back in the summer of 2025, and certainly as of October 7, 2025, when the DHS asked for a remand to the Immigration Court with the BIA due to the incomplete record. (*See* ECF No. 1-1, at 47.) Plaintiff claims that she made her purported FOIA requests on June 16, 2025, and August 30, 2025, and received the purported unsatisfactory response in the order of the BIA on October 17, 2025. Plaintiff could have filed this FOIA action six months ago but did not. Plaintiff unnecessarily created this alleged imminent harm through her own inaction.

Moreover, as discussed before, it is unclear whether Plaintiff has properly requested the records she seeks from Defendant under FOIA. At this juncture, she has pointed to no supporting records showing that she made actual FOIA requests, much less received any actual response to those requests from Defendant that she now claims were improper. To the extent that Defendant has wrongfully withheld the transcript from her June 9, 2025 removal hearing, "the public undoubtedly has an interest in seeing its governmental institutions follow the law." *Roe v. Dep't of Defense*, 947 F.3d 207, 230–31 (4th Cir. 2020) (internal quotation marks omitted) (citation omitted). But at this juncture, that has not been established and is entirely speculative. Forcing Defendant to postpone Plaintiff's removal hearing until the merits of Plaintiff's late-filed and potentially meritless FOIA Complaint have been resolved, in this instance, is not in the public interest and the balance of the equities tip in Defendant favor.

11

In sum, Plaintiff fails to show that any of the four factors for preliminary injunctive relief are satisfied. Therefore, the Court cannot order the preliminary relief she seeks.[8]

## C. Plaintiff Has Ignored the Courts Orders

In addition, the remedies and relief Plaintiff asks for in her Motion for TRO are completely unrelated to her underlying FOIA complaint seeking provision of a transcript and case files. In her Motion for TRO, she asks the Court to intervene in her immigration proceedings in Florida. Plaintiff has previously been informed that any challenge to her ongoing detention must be filed where she is detained. By attempting to seek such relief here, Plaintiff has ignored the Court's prior orders that warned her that she may not file such a challenge here. As explained to Plaintiff before, this Court lacks jurisdiction over any challenge Plaintiff may have to her ongoing detention or her removal proceedings in Florida. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). Plaintiff is instructed again, that to the extent she wishes to challenge her detention, she "should name [her] warden as respondent and file the petition in the district of confinement." *See id.*[9]

---

[8] Plaintiff cites heavily and lifts language from the case *Chirinos v. Noem*, No. 25-CV-1863, 2025 WL 483316 (E.D. Wis. Feb. 20, 2026), where the district court in Wisconsin granted a 14-day TRO and enjoined the United States from holding removal proceedings until the FOIA action was resolved. It appears that *Chirinos* inspired the Motion for TRO here. While the Court is not bound by the decision of another district court, the Court nevertheless finds that case distinguishable. Chirinos had a much stronger case for a TRO. In that case, Chirinos had clearly filed actual FOIA requests for his entire "A-file," had received actual responses from USCIS to his FOIA request, and contested the very specific reasons why certain documents had been withheld. *See id.* at *1. Here, Plaintiff has not shown that she made actual FOIA requests to any agency, much less received responses about why the records she requested have been withheld. Nor did Chirinos wait six months from the response to his FOIA request to initiate a FOIA action in federal court as Plaintiff did here. Instead, his civil suit was filed a mere month after he received what he deemed to be an improper response to his request. *See id.*; *Chirinos v. Noem*, No. 25-CV-1863, 2026 WL 608732, at * 1–2 (E.D. Wis. Mar. 4, 2026). The Court is not persuaded that *Chirinos* suggests that Plaintiff should be entitled to the relief she seeks.

[9] It appears that Plaintiff is frequent litigant in the Middle District of Florida and the Court of Appeals for the Eleventh Circuit and has filed other lawsuits based on a governmental

12

For the foregoing reasons, the Motion for TRO (ECF No. 11) will be DENIED

An appropriate order will accompany this Memorandum Opinion.

Date: 3/31/2026
Richmond, Virginia

_____ /s/
M. Hannah Lauck
Chief United States District Judge

---

entity's failure to provide her with records. *See Navarro-Martin v. Florida*, No. 23-12412, 2025 WL 350355 (11th Cir. Jan. 31, 2025) (affirming district court's denial of a free certified copy of the record in her state criminal case). Plaintiff has also sought relief for various claims in United States Federal Court of Claims. *Navarro Martin v. United States*, No. 25-1675, 2026 WL 184306, at *1 (Fed. Cl. Jan. 18, 2026). Plaintiff has a record of abusing the process of the judiciary and has even been warned of this by the Supreme Court of the United States. The Supreme Court warned Plaintiff as follows: "As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petition in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petitioner submitted in compliance with Rule 33.1." *In re Martin*, 146 S. Ct. 286 (2025).

13