IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARIA DOLORES NAVARRO MARTIN,

     **Plaintiff,**

     **v.**                                    **Civil Action No. 3:26CV106**

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY (DHS),

     **Defendant.**

## MEMORANDUM OPINION

Plaintiff, an immigration detainee held in Florida, brings this action pursuant to the Freedom of Information Act ("FOIA"). At the core of her FOIA Complaint (ECF No. 7), Plaintiff seeks the production of an immigration hearing transcript and audiotape. (ECF No. 7, at 2.)[1] Plaintiff only names the United States Department of Homeland Security ("DHS") as a Defendant. (ECF No. 7, at 4.)[2] The matter is before the Court on the Motion to Dismiss filed by Defendant. (ECF No. 20.) The Court has provided Plaintiff with notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (ECF No. 22.) Plaintiff has responded (ECF No. 23) and filed a Motion for Summary Judgment (ECF No. 24). For the reasons articulated below, the Motion to Dismiss will be GRANTED and the action will be DISMISSED.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from Plaintiff's submissions.

[2] By Memorandum Opinion and Order entered on March 31, 2026, the Court directed the Clerk to terminate all other defendants. (ECF No. 15, at 1 n.2.) The Clerk is DIRECTED to update the caption as reflected above with DHS as the sole remaining Defendant.

## I. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In

order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Procedural History

Plaintiff initially filed this action on February 10, 2026. (ECF No. 1.) Although labeled as a "FREEDOM OF INFORMATION ACT (FOIA) COMPLAINT," Plaintiff's initial submission to this Court failed to comply with Federal Rule of Civil Procedure Rule 8. By Memorandum Order entered on March 3, 2026, the Court explained as follows:

> At first glance, Plaintiff appears [to seek the Court] "to order the production of any DHS's agency records improperly withheld from the complainant and to order the production and release of the audiotape and transcripts of the Master hearing which transpired on June 9, 2025 before the honorable Matthew O'Brian in the Immigration Court of Falls Church." (*Id.* at 1.) However, Plaintiff also indicates that "[s]uch conduct violated Plaintiff's First, Fourth, and Fourteenth Amendment rights," and she "further bring[s] related causes of action under the Court's pendent jurisdiction." (*Id.* (capitalization corrected).) Later in the Complaint, Plaintiff seemingly suggests that a 2017 warrant in her criminal case where she was acquitted was invalid (*id.* at 2–3), that the disclosure of certain documents would prove that, and the Government provided false testimony in her immigration hearings. (*Id.* at 4–5.) Finally, despite the title of her Complaint as one brought under the Freedom of Information Act, Plaintiff states that "[t]his action arises under the United States Constitution, the Immigration and Nationality Act of 1952 . . . , and the Administrative Procedure Act . . . ." (*Id.* at 7.) Therefore, the Court is not clear what type of action Plaintiff intends to bring. Plaintiff's submission fails to comply with Federal Rule of Civil Procedure 8(a). That rule provides:

3

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.
>
> Fed. R. Civ. P. 8(a). Plaintiff fails to identify the exact basis for the Court's jurisdiction for the action she seeks or provide a short and plain statement of [her] claim. Within thirty (30) days of the date of entry hereof, Plaintiff is DIRECTED to file a complaint that complies with Federal Rule of Civil Procedure 8(a).⬚ Failure to file an appropriate complaint within thirty (30) days of the date of entry hereof will result in dismissal of the action. *See* Fed. R. Civ. P. 41(b).

(ECF No. 4, at 1–2.) In a footnote, the Court further explained: "If Plaintiff is only seeking the release of certain documents under the Freedom of Information Act then she must clearly state that. However, this Court lacks jurisdiction over any challenge Plaintiff may have to her ongoing detention. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (explaining that for such a challenge, a petitioner 'should name [her] warden as respondent and file the petition in the district of confinement.')" (ECF No. 4, at 2 n.1.)

In response, Plaintiff filed an Amended Complaint which is the operative complaint before the Court. (ECF No. 7.) Plaintiff clearly titled her complaint, "AMENDED FOIA COMPLAINT TO REMEDY UNLAWFUL WITHHOLDING OF RECORDS OF DEPARTMENT OF HOMELAND SECURITY," and indicated that she "challenges Defendant's failure to make a substantive response to a request for records and ongoing unlawful withholding of records in violation of the Freedom of Information Act, 5 U.S.C.S. § 552 . . . ." (ECF No. 7, at 2.) Accordingly, the action proceeds solely as a FOIA action.

## II.  Allegations and Claims in the FOIA Complaint

In her FOIA complaint, Plaintiff seeks certain case files and the provision of a transcript from an immigration hearing on June 9, 2025, which she believes contains errors.[3]  (ECF No. 7, at 2.)  Plaintiff claims she requested these documents on June 16, 2025, and August 30, 2025. (ECF No. 7, at 2, 5.)  Plaintiff states that "Defendant acknowledged [her] request on October 7, 2025, by its response [it] gave [to] the court." (ECF No. 7, at 5.)  In her Complaint, Plaintiff argues that she needs "[p]rompt access to the records responsive to [her] FOIA Request . . . to aid [in] the prosecution of crimes committed against Plaintiff and potential civil litigation." (ECF No. 7, at 3, 6.)  Beyond this description, it is very difficult to discern what exactly Plaintiff argues.  Plaintiff asks the Court to order the provision of these documents.  (ECF No. 7, at 10.)

## III.  Analysis

The FOIA requires a federal agency to release all records responsive to a properly submitted request except those protected from disclosure by one or more of nine enumerated exemptions. *See* 5 U.S.C. § 552(b).  The agency's disclosure obligations are triggered by its receipt of a request that "reasonably describes [the requested] records" and "is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A).  The agency is required to determine within twenty days of the receipt of such a request and "shall immediately notify the person making such request" of their determination on whether to provide the record.  5 U.S.C. § 552(a)(6).  The United States District Courts are given jurisdiction to enjoin federal agencies from "withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C.

---

[3] Plaintiff identifies certain case file numbers but does not identify what they are or why she needs them.  The focus of her argument appears to be on the production of the transcript from her June 9, 2025 removal hearing.

5

§ 552(a)(4)(B).  Accordingly, pursuant to the remedial powers of FOIA, the district court may

order only the production of records, nothing more.  *See id.*

Defendant moves to dismiss because, as the Court surmised in the March 31, 2026

Memorandum Order denying Plaintiff's request for a temporary restraining order, Plaintiff has

not alleged facts indicating that she submitted any FOIA requests to Defendant prior to filing this

action.  The Court previously explained:

> A review of the documents attached to her original filing only show that she requested a transcription of her hearing from the court reporter at the Immigration Court on June 16, 2025, and requested a transcription of that same hearing from the Board of Immigration Appeals ("BIA").  (ECF No. 1-1, at 38, 44.) [4]  And, as discussed below, the October 7, 2025 "response" to her alleged FOIA request was a motion made by DHS asking the BIA to remand her case to the Immigration Court because its records were incomplete.  The current record does not reflect that Plaintiff made a FOIA request to any agency, much less received a response to that request. "Before commencing litigation, a requester must ordinarily exhaust administrative remedies by appealing an issue through the FOIA administrative process following an initial adverse determination by the agency." *Coleman v. Drug Enforcement Admin.*, 714 F.3d 816, 820 (4th Cir. 2013) (citing *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004) (per curiam); 28 C.F.R. § 16.9(c)).  Plaintiff fails to show that she has filed a FOIA request with Defendant, received an adverse determination, or appealed; thus, she has not made a "clear showing" that she would succeed on the merits of her FOIA claim.

(ECF No. 15, at 7–8.)  In support of the Motion Dismiss, Defendant further argues that Plaintiff

supplies no FOIA Request Identification Numbers that are assigned to FOIA requests submitted

to DHS.  This further suggests that she made no FOIA request to Defendant.  Instead, Plaintiff

---

[4] "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). However, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citations omitted).  Plaintiff cites these attached documents in her Complaint, and their authenticity is not disputed.

seemingly believes that her motions in the immigration court amount to an official FOIA request with Defendant. However, a motion in the immigration court is clearly not a FOIA request. Plainly stated, Plaintiff has not plausibly alleged that she filed a FOIA request with Defendant, much less a proper FOIA request, that she received an adverse determination, and that she appealed that determination, all of which is required before she can file an action in this Court. *Coleman*, 714 F.3d at 820.[5] That is entirely fatal to her FOIA claim.[6] Accordingly, the Motion to Dismiss (ECF No. 20) will be GRANTED.[7] Plaintiff's Motion for Summary Judgment (ECF No. 24) will be DENIED.

### IV. Outstanding Motion

By Memorandum Opinion and Order entered on March 31, 2026, the Court denied Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion for

---

[5] In her Response to the Motion to Dismiss and her Motion for Summary Judgment, Plaintiff continues to argue in a confusing manner that her requests for transcripts and case files in the immigration court were proper FOIA requests. Although she now for the first time claims that she "mailed the FOIA request . . . to [the] published FOIA address," Plaintiff indicates that she received no response. (ECF No. 23-2 ¶ 3; ECF No. 25-3 ¶ 3.) This is still inadequate. Plaintiff has not plausibly alleged or even stated that she filed a proper FOIA request, received an adverse determination, and that she appealed that determination, before filing her complaint in this Court.

[6] Defendant provided an affidavit by Matthew T. Pizzo, an Acting Senior Associate General Counsel for the Freedom of Information Act Unit of the Office of General Counsel, a component of the Executive Office for Immigration Review ("EOIR"). (ECF No. 21-1.) Because Defendant filed a Motion to Dismiss it cannot rely on evidence outside the pleadings, such as an affidavit, without treating it as a motion for summary judgment under Federal Rule of Civil Procedure Rule 56. *See* Fed. R. Civ. P. 12(d). Mr. Pizzo states that he has reviewed the records of the EOIR and found no FOIA requests by Plaintiff. (ECF No. 21-1 ¶ 3.) The Court need not rely on this statement, because Plaintiff has failed to plausibly allege that she filed a proper FOIA request with Defendant.

[7] Although Plaintiff never made a FOIA request, it appears that she was seeking a transcript from her June 9, 2025 immigration hearing. Defendant has supplied Plaintiff with a copy of this transcript. (ECF No. 21-2.)

7

TRO"). (ECF Nos. 15, 16.) On April 15, 2026, Plaintiff filed a "PETITION FOR REHEARING" challenging the denial of the Motion for TRO that is difficult to discern. (ECF No. 19.) Plaintiff's motion fails to comply with the local rules of this Court. Local Rule 7 states that all motions "shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies." E.D. Va. Loc. Civ. R. 7(F)(1). Accordingly, the "PETITION FOR REHEARING" (ECF No. 19) will be DENIED.

## V.  Conclusion

For the foregoing reasons, the Motions to Dismiss (20) will be GRANTED. Plaintiff's claims and the action will be DISMISSED WITH PREJUDICE. Plaintiff's Motion for Summary Judgment (ECF No. 24), and "PETITION FOR REHEARING" (ECF No. 19) will be DENIED.

An appropriate Final Order shall accompany this Memorandum Opinion.

Date: 6/3/26
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge

8