IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARIA DOLORES NAVARRO MARTIN,

    **Plaintiff,**

    v.                                      Civil Action No. 3:26cv106

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY (DHS),

    **Defendant.**

## MEMORANDUM OPINION

Plaintiff, an immigration detainee held in Florida, brought this action pursuant to the Freedom of Information Act ("FOIA"). By Memorandum Opinion and Order entered on June 3, 2026, the Court granted Defendant's Motion to Dismiss and dismissed the action with prejudice, because Plaintiff failed to "plausibly allege[] that she filed a FOIA request with Defendant, much less a proper FOIA request, that she received an adverse determination, and that she appealed that determination, all of which is required before she can file an action in this Court." *Martin v. U.S. Dep't of Homeland Sec. (DHS)*, No. 3:26cv106, 2026 WL 1590870, at *3 (E.D. Va. June 3, 2026) (citation omitted). On June 16, 2026, the Court received from Plaintiff submissions entitled, "PETITION FOR PANEL REHEARING (F.R.A.P. 40) AND FOR REHEARING EN BANC (F.R.A.P. 35)" (ECF No. 31) and "PETITIONER'S APPLICATION FOR STAY OF THE MANDATE BEFORE JUDGMENT" (ECF No. 33). As a preliminary matter, to the extent that Plaintiff truly seeks a panel rehearing, a rehearing en banc, or a stay of the mandate under the Federal Rules of Appellate Procedure, those requests are not procedurally proper in this Court.[1]

---

[1] Plaintiff has filed an exhibit she titles, "Affidavit of Petition for Writ of Certiorari Before the judgment," with an attached, "ON PETITION FOR WRIT OF CERTIORARI

Nevertheless, because Plaintiff's submissions were received within twenty-eight days of the June 3, 2026 dismissal of her case, they will be construed as motions filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motions"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Although Plaintiff does not address any specific ground for relief under Rule 59(e), it appears that she believes the Court should reconsider its decision to correct a clear error of law or prevent manifest injustice. Most of Plaintiff's arguments make little sense. The Court attempts to cull out those arguments that are at least marginally clear. First, Plaintiff contends that the Court issued its Memorandum Opinion and Order before her "Motion on Reply" was docketed and this was erroneous. (ECF No. 31, at 2; ECF No. 33, at 2–3.) Plaintiff did not file

BEFORE THE JUDGMENT TO THE U.S. CIRCUIT FOR THE FOURTH CIRCUIT." (ECF No. 31-1, at 1–2.) The Court assumes these are copies of submissions to the United States Supreme Court or to the Fourth Circuit. However, if not, Plaintiff must file any submission intended for the United States Supreme Court or for the Fourth Circuit with those courts, not with this district court.

2

anything entitled "Motion to Reply." Petitioner did submit a "PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS," that was filed on June 9, 2026, six days after the case was dismissed. (ECF No. 30.) However, Plaintiff did not have a right to file a sur-reply without leave of court. In the notice issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on April 27, 2026, the Court specifically explained, that after Defendant filed a reply, "[n]o further briefs or written communications may be filed without first obtaining leave of Court." (ECF No. 22, at 1 (alteration in original).) Plaintiff failed to obtain leave of Court to file a sur-reply. Accordingly, Plaintiff fails to identify any clear error of law in the Court's dismissal of her case before its receipt of the unauthorized sur-reply.[2]

Plaintiff next argues that there was "fraud" in her case, but the Court cannot discern from her submissions what specifically she believes was fraudulent. (ECF No. 31, at 2–5, 6.) Plaintiff also suggests that there are genuine issues of material fact remaining, including that Defendant did not conduct a sufficient search to uncover all relevant documents in response to her alleged FOIA request. (ECF No. 31, at 5–7.) But again, Plaintiff failed to plausibly allege that she filed an actual FOIA request with the Defendant. *See Martin*, 2026 WL 1590870, at *3. Thus, Plaintiff identifies no clear error of law in the Court's dismissal of her case.[3]

In sum, Plaintiff fails to demonstrate any clear errors of law in the conclusions of the Court or that the dismissal of this action resulted in manifest injustice. Thus, Plaintiff offers no

---

[2] The Court has reviewed the "PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS" (ECF No. 30), and finds no argument that would alter its conclusion to dismiss the action.

[3] The remainder of the second Rule 59(e) Motion appears to ask for some sort of stay from either the Supreme Court or the Fourth Circuit. (ECF No. 33, at 4–8.) That is not a ground upon which to seek relief under Rule 59(e).

3

persuasive reason why Rule 59(e) relief is appropriate.  Accordingly, the Rule 59(e) Motions

(ECF Nos. 31, 33) will be DENIED.

An appropriate Final Order shall accompany this Memorandum Opinion.


Date: 7/29/26                                        _____/s/_____

Richmond, Virginia                                  M. Hannah Lauck
                                                    Chief United States District Judge

4